MARK E. MUSOLF, Secretary Department of Revenue
Your predecessor requested an opinion whether a proposed rule, Wis. Adm. Code section Tax 8.06, would conflict with sec. 139.03
(3), Stats., which provides that "[n]ot more than one occupational tax shall be required to be paid on any one container of intoxicating liquor."
For many years there has been but one occupational tax applicable to the sale of any particular container of intoxicating liquor, although the tax varied according to the amount of liquor and its alcoholic content, and the tax rates have varied over the years. Section 139.03 (2m), Stats. (1975), establishes a tax table for intoxicating liquors other than wine, and the wine tax is provided by subsec. (2n). Chapter 81, Laws of 1977, excepted from the coverage of sec. 139.03 (2m) "intoxicating liquor taxed under sub. (2t)" and created a subsec. (2t) for the taxation of intoxicating liquor "manufactured or distilled in this state by pollution control facilities as defined in s. 66.521 (2)(h) or from whey and brewing wastes which are produced in this state." Under subsec. (2t), the tax for more than one-half and up to one wine gallon on such liquor is $1.00, whereas for other intoxicating liquors, except wines, the tax for the same amount of liquor is $2.60.
Your problem arises from the production of intoxicating liquor made partly with alcohol distilled in Wisconsin from brewing wastes produced in Wisconsin and partly from other alcohol. The new statute is silent as to how such a blend is to be taxed.
You have proposed a rule which would require affixing to containers of such liquor revenue stamps in the amounts specified by sec. 139.03 (2m), Stats., and allowing a credit at the end of each month for the percentage of the specially taxed liquor in a container. For *Page 139 
example, if the alcohol in a wine gallon of intoxicating liquor contained equal amounts of (2m) and (2t) taxed alcohols, the required amount of revenue stamps would be $1.30, one-half of the normal tax of $2.60 per gallon, and $.50, one-half of the special tax of $1.00 per gallon, making a total of $1.80. The permittee who had paid the normal tax of $2.60 then could claim a credit of $0.80.
It has been suggested that such a rule would violate sec.139.03 (3), Stats., by requiring a second occupational tax on a container of intoxicating liquor. I do not agree. Your rule would merely average the two rates to find the rate for an equal blend of the two kinds of alcohol. (If the percentages were 30% of regularly taxed alcohol and 70% of specially taxed alcohol, the ultimate tax, after the credit, would be 30% of $2.60 (or $0.78) plus 70% of $1.00 (or $0.70), making the tax on a gallon of that blend $1.48.) The container holds one mass of liquid to which but one tax is applicable, and your proposed rule sets forth the obvious method for determining the proper tax for a given liquor. The rule does not purport to require payment of "more than one occupational tax" on any one container.
BCL:EWW